## Robert C. Wilson and Lemuel D. Lane v. William A. Kelly.

1. QUESTIONS OF FACT FOR THE JURY—VERDICTS FINAL.—Where, in a case, the entire proof considered, warrants the verdict, the court can not properly interfere if the jury have been properly instructed.

Memorandum.—Appeal from the Circuit Court of Vermilion County;

the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

S. G. WILSON and SALMANS & DRAPER, attorneys for appellants.

LAWRENCE & LAWRENCE, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case was here at a former term (52 Ill. App. 124), and was then reversed on account of error in the instructions.

Another trial has resulted in a verdict for the plaintiff for $800, and the record is again brought here by the defendants.

The facts need not be restated, though it may be noticed that the plaintiff's case is somewhat strengthened by proof tending to show that the dump was in bad condition before, and that defendants, through their employe, Lennox, had notice of it; and that the admissions of the defendant Lane, as to his knowledge that the dump was out of order, seem, by this record, to be quite well established, if the witnesses thereto are credible, though denied by him. The entire proof considered, we are not able to say that the verdict is without warrant, and therefore, unless the objections urged to the ruling of the court on the instructions are valid, we can not properly interfere.

The second instruction given for plaintiff is criticised because there was no evidence upon which to predicate it.

We think there is no such want of evidence, either as to the defective condition of the dump, or the knowledge of at least one of the defendants, Kane, and the employe, Lennox, as to render the instruction objectionable. The third instruction does not seem to us to be misleading, as urged, when the evidence, upon the point referred to, is considered.

The objection to the fourth, that the admissions of Lane

are thereby made conclusive of the case, is, as we think, untenable. The construction suggested is strained, and it is not likely the jury were misled. It merely announced the proposition that Lane's admission was evidence against the firm, and, when applied to the evidence, it could hardly have been misunderstood.

At the instance of the defendants the court instructed quite fully as to the elements and conditions necessary to recovery, and we find no complaint urged in that respect.

The brief of counsel for appellants deals very largely with the evidence, and is based upon the theory " that the plaintiff was injured through his own lack of care, and by some unforeseen accident, the cause of which was not known, or capable of being known, to the defendants," as is stated, by way of summary, near the close.

This statement discloses what was the real question in the case. No doubt, from the course taken by the proof, and from the instructions, the attention of the jury was mainly devoted to this point, and we can see nothing to indicate that the cause for the defendant was unjustly affected by the action of the court.

We find no error of substance, and are of opinion the judgment should be affirmed.